UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | } | |
| | } | |
| Anthony Dewayne Powers, | } | Case No. 15-05058-JJR-13 |
| | } | |
| Debtor. | } | |

| | | |
|---|---|---|
| In re: | } | |
| | } | |
| Gweneth Douglass Powers | } | Case No. 15-03267-JHH13 |
| | } | |
| Debtor. | } | |

| | | |
|---|---|---|
| Gweneth Douglass Powers, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | AP No.  16-70006-JJR |
| | } | |
| Honorable Jennifer H. Henderson, | } | |
| | } | |
| Defendant. | } | |

OPINION

Gweneth Douglass Powers ("Gweneth") and Anthony Dewayne Powers ("Anthony" and jointly with Gweneth, the "Debtors") have filed thirteen separate bankruptcy cases; Gweneth filed seven and Anthony six.   Although they are husband and wife, all the cases were filed individually, never jointly.  Gweneth received discharges in three of her cases, but the other three were dismissed within a few months after they were filed.   All of Anthony's cases were dismissed or closed without a discharge.  Gweneth's most recent case – 15-03267-JHH13 – is still pending.  Anthony's most recent case – 15-05058-JJR13 –was dismissed by an order of this court on March 23, 2016 (Doc. 95).  In addition to dismissing Anthony's case, the order barred

- 1 -

him from filing another bankruptcy case for one year. Anthony appealed the order of dismissal to the district court (Doc. 99), and is now seeking an "injunction pending appeal" (Doc. 100) which the court interprets as a motion to stay the order of dismissal pending the outcome of the appeal. Nonetheless, on April 13, 2016 Anthony filed a "Notice" with the district court stating that he was "withdraw[ing] the notice of appeal . . . ." (Doc. 2, district court case no. 16-cv-00589-AKK.)

Gweneth filed two adversary proceedings (individually an "AP" and together, the "APs") in her pending bankruptcy case – AP No. 15-00135 and AP No. 16-70006. The defendant in the first AP was the Honorable Tamara O. Mitchell, the judge who was initially presiding over Gweneth's pending bankruptcy case; the defendant in the second AP was the Honorable Jennifer H. Henderson, the judge to whom Gweneth's bankruptcy case was reassigned after Judge Mitchell's recusal. Like Judge Mitchell, Judge Henderson recused herself from the second AP, but not from Gweneth's pending bankruptcy case. Following Judge Henderson's recusal in the second AP, it was assigned to the undersigned judge. Both APs were dismissed, but Gweneth now seeks to have the second AP against Judge Henderson reinstated.

The following matters are now before this court, i.e. the undersigned judge, for a ruling:

1. Motion for Injunction Pending Appeal (Doc. 100) filed by Anthony in Case No. 15-05058-JJR13;

2. Motion to Alter or Amend (Doc. 102) filed by Anthony in Case 15-05058-JJR13; and Trustee's Response (Doc. 110); and

3. Plaintiff's Objection to Order Dismissing Adversary Proceeding (Doc. 14) filed by Gweneth in AP 16-70006-JJR.

The court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. These matters are each core proceedings pursuant to 28 U.S.C. §

- 2 -

157(b)(2); therefore, the court has authority to enter final orders. For the reasons stated below, the court is denying the relief requested in each matter. The following shall constitute the court's findings of fact and conclusions of law.

The three pending matters now before the court have much in common despite arising in different cases filed by different debtors. The Debtors are husband and wife, and thus there is a history of joint debts and assets. They are both serial bankruptcy filers and deft manipulators of the bankruptcy process; they have repeatedly delayed their creditors' attempts to exercise their legitimate rights and remedies, but without making any legitimate attempt to adjust and reorganize their finances with a goal of gaining a financial fresh start. For the sake of expediency, given this common history, the court is addressing Anthony's two motions and Gweneth's objection in a single Opinion.

As mentioned, together the Debtors have commenced a total of thirteen separate bankruptcy cases and two adversary proceedings. *See* chart attached as Appendix A. Of this number, Gweneth filed seven bankruptcy cases and commenced the two APs; except for the first two bankruptcy cases, all her cases were *pro se*. The two APs – also *pro se* – were filed by Gweneth against the judge then presiding over her underlying bankruptcy case. In each instance, the AP was filed in response to an unfavorable ruling by the judge. Gweneth knew that if she sued the judge, rather than appealing the judge's ruling, the judge would likely recuse herself which would cause a further delay in the inevitable demise of Gweneth's underlying bankruptcy case and along with it the automatic stay that was keeping creditors at bay. The Debtors, although proceeding *pro se*, are masters at manipulating bankruptcy jurisprudence to their advantage and have demonstrated an uncanny ability to surround their cases with a constant air

- 3 -

of confusion and contrived complexity to promote delay.[1] The three matters being considered in this Opinion are further examples of the Debtors' dilatory tactics.

Anthony commenced six different *pro se* bankruptcy cases since 2004. His first case and Gweneth's third case, were both filed within ten days of each other, and both were dismissed within a year. Both cases ended after stay relief was granted to the Debtors' landlord. Anthony's second case, filed less than a month after the first was dismissed, lasted less than three months and was dismissed with a one-year bar on refilling to allow the landlord time to gain possession of property he had rented to the Debtors. Anthony has been in an active bankruptcy case for a non-sequential total of over seven years since February 2004, and Gweneth has also been in an active bankruptcy case for a non-sequential total of approximately seven years since October 2003.

On October 2, 2009, the Debtors purchased their home from Chadwell Homes of Alabama, LLC ("Chadwell"). The Debtors financed the purchase from Chadwell through a purchase-money mortgage, and during the ensuing six and one-half years since the closing, the Debtors have paid only $400.00 to Chadwell. In fact they have paid nothing to Chadwell since November 2009, and they have not paid the property taxes which constitute a lien priming Chadwell's mortgage. (*See* Docs. 34, 231, and Claim 4 in case 15-03267-JHH13.) Similarly,

---

[1] Ordinarily the court would grant *pro se* debtors a substantial margin of error and give them the benefit of the doubt. Not so with these Debtors. Through the years they have unfairly maneuvered the bankruptcy judicial process to their advantage while paying only paltry sums to creditors. Through their serial filings they have lived off the automatic stay: They have paid the holder of their purchase-money home mortgage only $400 since the mortgage was closed in 2009, and paid so little on their purchase-money automobile loan that the car is now worth less than half the secured claim. Unpaid taxes total over $88,000. All you have to do is read their *pro se* drafted pleadings to realize these are not honest-but-unfortunate debtors who are fumbling through the bankruptcy process seeking legitimate debt relief, but are too poor to hire a lawyer. The truth is that because they are *pro se*, they realize they can get away with what otherwise would put a lawyer's license in jeopardy – filing frivolous lawsuits against judges.

- 4 -

during the almost six years since they purchased their 2006 Nissan Maxima with purchase-money financing of $15,973.12 from Credit Acceptance Corporation, the Debtors have reduced that debt to only $12,609.17 while the value of the car has dropped to $5,700.00. (*See* Claim 1 in case 15-05058-JJR13.) The Internal Revenue Service claims over $80,000 in delinquent taxes against Anthony, and the State of Alabama filed several claims totaling approximately $8,000 for income and withholding taxes due from Anthony. (*See* Claims 3, 4, 5, and 6 in case 15-05058-JJR13.) At hearings held on March 22, 2016,[2] the court found and concluded on the record that the Debtors had not acted in good faith in their most recent cases and had unfairly gamed the bankruptcy process to their advantage and to the detriment of their creditors. It is against this backdrop that the court considered the Debtors' pending motions and objection.

> 1. Motion for Injunction Pending Appeal (Doc. 100) in Case 15-05058-JJR13 filed by Anthony on April 6, 2016.

Motions to stay pending appeal of a bankruptcy court's judgment or order in a contested matter are governed by Rule 8007 of the Federal Rules of Bankruptcy Procedure (formerly found in Rule 8005)[3]. In his request for a stay of this court's order denying plan confirmation and dismissing his case with a one-year bar on subsequent case filings (Doc. 95, entered on March 23, 2016), Anthony simply stated that a supersedeas bond was not required of him. He framed his request as one for an injunction while his appeal of the order denying confirmation and

---

[2] The court held two hearings on March 22, 2016. One was to consider the trustee's and creditors' objections to confirmation of Anthony's proposed chapter 13 plan, and the trustee's motion to dismiss Anthony's case. The other was a hearing on a *sua sponte* order to show cause why Gweneth's second AP filed against Judge Henderson should not be dismissed and sanctions imposed. Orders in both matters were entered on March 23, 2016. (Case 15-05058-JJR, Doc. 95; AP 16-70006-JJR, Doc. 12).

[3] Unless otherwise indicated, references to the "Bankruptcy Code" or "Code" are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, and references to a "Bankruptcy Rule" or "Rule" are to the Federal Rules of Bankruptcy Procedure.

- 5 -

dismissing his case was pending, and cites Rule 8007(a)(1)(C).  However, the order from which he appealed is not an order dealing with an injunction, and Anthony's reference to subsection (a)(1)(C) of Rule 8007 appears misplaced.  Apparently he is seeking a stay under clause (A) of that subsection, and the court will treat his motion as such.

The legal standard for granting or denying a stay pending appeal is the same as for granting a preliminary injunction.[4] The four factors that should be considered in determining whether a stay should be granted are:

1. Whether the movant has shown a likelihood of success on the merits;

2. Whether the movant has made a showing of irreparable injury if the stay is not granted;

3. Whether granting the stay would substantially harm the other parties; and

4. Whether granting the stay would serve the public interest.[5]

The movant has the burden of proving each element, but the court may give greater weight to any of the elements in its discretion depending upon the circumstances of the case. *In re Charter Co*., 72 B.R. 70, 71-72 (Bankr. M.D. Fla. 1987).  Because the denial of confirmation and dismissal of Anthony's case were premised upon findings and conclusions related to deficiencies in the proposed plan and a history showing bad faith manipulation of the bankruptcy system, the court finds there is little if any likelihood of success on the merits.  The deficiencies with the proposed plan were put on the record at the March 22, 2016 confirmation hearing and could not possibly be cured, even with a further amended plan, as curing those problems would require a plan payment that simply was not feasible based upon the income disclosed in Anthony's schedules.

---

[4] *In re Forty–Eight Insulations, Inc.,* 115 F.3d 1294 (7th Cir.1997).

[5] *In re Gulf States Steel, Inc.,* 285 B.R. 739, 741 (Bankr.N.D.Ala.2002).

Oddly enough, during the March 22, 2016 hearing, the Debtors made a tepid attack against the title to their home. They argued that because the grantor's signature on the deed conveying the property to them appeared to have been printed, albeit by hand, rather than signed in cursive, their title was defective, and that "defect" would impair the validity of Chadwell's mortgage. They are attempting to invalidate Chadwell's mortgage even if it means destroying their own title in an ill-advised attempt at further delay; more time for the court and creditors to chase red herrings, while the Debtors continue to pay nothing. To the extent Anthony contends his deed, and, therefore, Chadwell's mortgage, are defective, that claim or defense is unaffected by the order of dismissal, and is preserved if the Debtors wish to continue their dilatory conduct in state court.[6] This court finds that Anthony will suffer no irreparable injury as a result of the denial of plan confirmation, or as a result of the dismissal of his case with a one-year bar on refiling. This is particularly true given that his wife continues to manipulate their common creditors, including Chadwell, in her separate chapter 13 case (15-03267-JHH13). On the other hand, if the order of dismissal is stayed, Chadwell will be substantially harmed by suffering even more delay and expense by fighting on two fronts – Anthony's case and Gweneth's case – in seeking to exercise its long-delayed rights against the mortgaged property. The same is true of Credit Acceptance Corporation with respect to the Nissan that is now worth less than half its secured claim. The public interest is not impacted, aside from the interest of the public in ensuring that the bankruptcy process functions as

---

[6] The Debtors' odds of successfully challenging Chadwell's mortgage, based upon a signature on a deed that has been in their possession since 2009, are slim at best given that in their bankruptcy schedules the Debtors have repeatedly taken the legal position that Chadwell holds a valid, undisputed mortgage on their home. Those schedules were signed under penalty of perjury and the doctrine of judicial estoppel would likely bar their position to the contrary in a future lawsuit. *See Slater v. U.S. Steel Corp.*, ---F.3d---, 2016 WL 723012 (11th Cir. 2016); *and see* Appendix A (noting cases wherein the Debtors scheduled, and did not dispute the Chadwell mortgage).

Case 15-05058-JJR13   Doc 113   Filed 04/15/16   Entered 04/15/16 15:52:08   Desc
Main Document      Page 7 of 15

intended, efficiently and fairly, and is not used as a sword rather than a shield by debtors such as Anthony and Gweneth, who are sophisticated and experienced in extracting the benefits of bankruptcy with no legitimate effort to reorganize or seek a fresh start and financial rehabilitation.

The court's earlier finding of bad faith by the Debtors, while based on several factors, is demonstrated by Anthony's previous chapter 7 case closed without a discharge due to his failure to take a simple online financial management course and file a single piece of paper with the court showing the course completion. He deliberately failed to complete that requirement to keep leverage over his creditors by allowing his otherwise completed chapter 7 case to be simply "closed" without a discharge, rather than being either "dismissed" or, as one would expect, closed with a "discharge." Having no intention of starting over with a financial fresh start, Anthony wanted to avoid the consequences of dismissal or discharge. *See, e.g,*. Code §§ 362(c)(3) (loss of automatic stay after 30 days if prior case dismissed within one year and second case filed not in good faith, which is presumed); 727(a)(8) and 1328(f) (denial of discharge in later-filed cases if discharge granted in earlier case). Accordingly, regardless of its designation, the court finds that no good cause or grounds for relief of any nature were articulated in the Motion for Injunction Pending Appeal (Doc. 100) and it will be DENIED by separate order.[7]

---

[7] As mentioned at the beginning of this Opinion, Anthony filed a Notice with the district court that stated he was withdrawing his notice of appeal. Upon the district court's dismissal of the appeal, the Motion for Injunction Pending Appeal (Doc. 100) will be moot. That Notice was filed as this Opinion was being drafted, and given the Debtors' unending efforts to keep their creditors and the courts off balance, the court will deny Anthony's Motion although it may now be unnecessary.

2.  Motion to Alter or Amend (Doc. 102) in Case 15-05058-JJR13 filed by Anthony on April 7, 2016; and Trustee's Response (Doc. 110).

Citing Rule 9023, Anthony filed his Motion to Alter or Amend this court's order denying confirmation of his plan proposed in his most recent chapter 13 case, granting the trustee's motion to dismiss the case, and imposing a one-year bar on filing another bankruptcy case.  The Motion was filed on April 7, 2016, fifteen days after entry of the order that Anthony seeks to amend or alter, Doc. 95, which was entered on March 23, 2016.  Rule 9023 requires that a motion to alter or amend a judgment be filed "no later than 14 days after entry of judgment."  A motion under Rule 9023 must be timely, otherwise the court has no jurisdiction to consider it. *State of Fla. Dept. of Rev. v. Brandt (In re Southeast Bank Corp.)*, 97 F.3d 476, 478 (11th Cir. 1996).  Enlargement of the 14-day period is not permitted according to Rule 9006(b)(2).  Therefore, The Motion to Alter or Amend cannot be considered on its merits, and by separate order, it will be DENIED.

Were the court to consider the motion on its merits, it would find that the motion recites only matters that have already been offered by Anthony and either considered or rejected by the court at the March 22, 2016 hearing.  In considering a Rule 9023 motion, "the usual formulation of the standard to be applied . . . is that such a motion may be granted on the following grounds: 1. An intervening change in the law, 2. Consideration of newly discovered evidence, or 3. To correct clear error or prevent manifest injustice."  *In re Muhammad*, 536 B.R. 469, 477 (Bankr. M.D. Ala. 2015); *see also Kellogg v. Schreiber*, 197 F.3d 1116, 1120 (11th Cir. 1999).  Anthony satisfied none of those grounds.

The court would further note that Anthony's recitation in his motion that the trustee told the court that the trustee's objection to confirmation was "resolved" at the March 22, 2016 hearing is simply not true and is a misrepresentation. To the contrary, and as explained in detail

- 9 -

in the Trustee's Response at Doc. 110, the trustee's attorney pointed out that even if Anthony were given yet another opportunity to amend his plan, any amendment would be futile because the required plan payment would not be feasible under Anthony's budget. The trustee's attorney also pointed out that there were other problems with the schedules and case that would prevent confirmation. The delinquent status of Anthony's payments to the trustee was not the only issue, and the trustee's motion to dismiss was not moot, nor was it withdrawn, despite Anthony's inaccurate, if not intentionally false statements regarding what was said by the trustee's attorney at the hearing. The court's finding of bad faith would have been sufficient grounds for denial of confirmation, dismissal of the case, and the imposition of a bar on refiling, even in the absence of the other problems with confirmation. Anthony offers nothing in his Motion to Amend or Alter that would change the court's findings, were the court to consider the untimely motion.

Although apparently now withdrawn, Anthony filed a Notice of Appeal (Doc. 99) on April 6, 2016. Therefore, the untimely Motion to Alter or Amend came too late for this court's consideration, as the appeal of the order divested this court of its ability to alter or amend the order in any fashion, and is not saved by Rule 8008(a) because it was not "timely".

3. Plaintiff's Objection to Order Dismissing Adversary Proceeding (Doc. 14) in Adversary Proceeding 16-70006-JJR filed by Gweneth on April 7, 2016.

On April 7, 2016, Gweneth filed her Objection to Order Dismissing Adversary Proceeding ("Objection") (Doc. 14 in AP 16-70006-JJR). In the Objection, she recited that the court did not dispute her "basis for the adversary proceeding" and did not "assert any legal statute or rule that challenges" her response to the show-cause order that led to the hearing on March 22, 2016 and the March 23, 2016 Order (Doc. 12 in AP 16-70006-JJR) dismissing the AP and imposing sanctions. She asked the court to "withdraw its order of March 23, 2016 and reinstate the adversary proceeding," but cited no authority and presented no meaningful

- 10 -

argument. In substance, and regardless of its assigned nomenclature, the Objection is a motion to alter or amend under Rule 9023. However, the court does not have jurisdiction to rule on the Objection, because it is untimely under Rule 9023. As with Anthony's Motion to Alter or Amend, Gweneth's Objection was filed more than fourteen days from entry of the judgment it asked the court to address. Accordingly, by separate order, the Objection (Doc. 14 in AP 16-70006-JJR) will be DENIED.

Were the court to consider the Objection on its merits, it would not grant the relief under Rule 9023, as nothing has been offered that was not already argued at the March 22, 2016 hearing, or that would change the court's ruling in its March 23, 2016 order at Doc. 12 in the adversary proceeding. If Gweneth intended her Objection to be a motion under Federal Rule of Civil Procedure 60 ("Rule 60"), made applicable to adversary proceedings through Bankruptcy Rule 9024, it would again fail on its merits. Gweneth alleged no clerical mistake, oversight, or omission that needs correcting under Rule 60(a). She disagrees with the court's ruling and wants it changed, but not for any basis which arguably would fall under Rule 60(b). Accordingly, even if the Objection were construed as a Rule 9024 motion, the court would deny the relief requested. The court reiterates its findings that the second AP, like the first, was filed in a bad faith attempt to "judge shop" and delay the proceedings after an unfavorable ruling, in lieu of filing an appeal on the merits, and that Gweneth was a repeat offender, having now sued the second of the two judges who presided over her bankruptcy case. Gweneth's history of serial bankruptcy filings and baseless APs remain unchanged regardless of what name she might assign to her post-dismissal pleading. The court can find no plausible grounds to provide relief from its Order, were the Objection considered under Rule 9024.

- 11 -

Orders conforming to the court's findings and conclusions in this Opinion will be entered in the Debtors' respective bankruptcy cases and the AP styled above.

Dated this 15th day of April 2016.

/s/ James J. Robinson
JAMES J. ROBINSON
Chief U.S. Bankruptcy Judge

# APPENDIX A

Case 15-05058-JJR13   Doc 113   Filed 04/15/16   Entered 04/15/16 15:52:08   Desc
Main Document      Page 13 of 15

Anthony Powers:

| Case No. | Status | Date filed | Date d/m | Notes | |
|----------|--------|------------|----------|-------|---|
| 04-80669-JAC13 | Pro se | 2-13-04 (wife's 3d case was filed on 2-3-04) | 12-13-04 Failure to comply with status conf. | Stay Relief order in this case and wife's case 04-80453-JAC13 on rental house | |
| 05-80006-JAC13 | Pro se | 1-3-05 (wife was in 04 ch 13 that was dischgd in 08) | 3-18-05 with one-year bar on refiling, due to default under lease | | |
| 09-07149-TOM13 | Pro se | 12-07-09 (wife filed twice during this case, on 2-28-11 and 7-20-11) | 3-15-12 failure to pay | 1st time he schedules Chadwell, shows undisputed, incurred 10-01-09 | |
| 12-02350-TOM13 | Pro se | 5-15-12 (wife was in a ch 7 filed 7-20-11 that was discharged on 6-5-12) | 6-07-12 on dbr's motion | Schedules never filed | |
| 14-04766-TOM7 | Pro se | 12-08-14 | Converted from 13 to 7 voluntarily on 5-18-15; closed w/o discharge on 9-30-15 (failed to take financial mgmt. course) | Schedules Chadwell as undisputed, incurred 10-01-09 | Stay Relief order lifted stay for Chadwell and gave deadline to take financial mgmt. course |
| 15-05058-TOM13 | Pro se | 12-15-15 (wife in ch. 13 case 15-03267 filed 8-17-15) | Assigned to JJR b/c wife had sued Judge Mitchell; dismissed 3-23-16 | Stay now lifted for Chadwell in Wife's case, as of 3-1-16 | |

- 14 -

Gweneth Powers:

| Case No. | Status | Date filed | Date d/m, dschg | Notes |
|---|---|---|---|---|
| 94-82072-JAC7 | Atty Carmichael | 9-20-94 | Discharged on 12-22-94 | |
| 03-84485-JAC13 | Atty Long | 10-14-03 | 1-15-04 dismissed on trtee's mtd | |
| 04-80453-JAC13 | Pro se | 2-03-04 (husb filed his first case on 2-13-04) | 11-02-04 dismissed for failure to comply with status conf requirements | Judge Caddell entered stay relief order for landlord in this case and husband's case 04-80669-JAC13 |
| 04-85086-JAC13 | Pro se | 11-08-04 (husb filed 2d case on 1-3-05) | Discharged on 8-26-08 | |
| 11-01050-TBB13 | Pro se | 2-28-11 | 7-20-11 dismissed at confirmation | 1st case with Chadwell, schedules as undisputed |
| 11-03610-TBB7 | Pro se | 7-20-11 (same day prior case was dismissed) | Discharged 6-05-12 | Schedules Chadwell, did not reaffirm: she has discharged that debt |
| 15-03267-JHH13 | Pro se | 8-17-15; filed as ch. 13; converted to ch 7 on 11-30-15; then reconverted to ch. 13, still pending before Judge Henderson | | AP 15-00135 v. Judge Mitchell filed 12-15-15 and d/m on 2-19-16; AP 16-70006 v. Judge Henderson filed on 2-29-16 and d/m on 3-23-16; stay lifted for Chadwell on 3-1-16 |

- 15 -